# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31149

United States Court of Appeals
Fifth Circuit

**FILED**
September 21, 2017

Lyle W. Cayce
Clerk

JAPHUS LOUIS BRIGGS,

Plaintiff-Appellant

v.

PAMELA TOLBERT; JIM TUTEN; MIKE STONE; JOHN BELTON; UNKNOWN PROSECUTOR; LEWIS JONES; OFFICE OF DISTRICT ATTORNEY; LINCOLN PARISH DETENTION CENTER,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 3:16-CV-731

Before DENNIS, SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Japhus Louis Briggs, who was previously detained at the Lincoln Parish Detention Center and is currently Louisiana prisoner # 536595, moves for leave to proceed in forma pauperis (IFP) in this appeal of the sua sponte dismissal of his 42 U.S.C. § 1983 complaint. The motion is a challenge to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Briggs fails to address many of the district court's conclusions and, otherwise, makes only conclusional statements that the district court erred in dismissing his complaint. Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Briggs has failed to challenge any factual or legal aspect of the district court's disposition of his claims or the certification that his appeal is not taken in good faith, he has abandoned the critical issue of his appeal. *See id.* Thus, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the APPEAL IS DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Briggs's complaint as frivolous and for failure to state a claim and this court's dismissal of his appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Briggs is WARNED that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).